**No. 51539.**—Petition 6471–R of D. Benedetto, Inc. (Buffalo [Niagara Falls]).

LAWRENCE, Judge: This petition was filed under section 489, Tariff Act of 1930, for remission of additional duties imposed by the collector of customs at the port of Niagara Falls on a carload of roofing rags imported from Canada and entered at said port at less than the final appraised value thereof. Although the car contained 35 bales, which were entered free of duty under paragraph 1750 of said act as "paper stock," only 12 bales are involved in this proceeding, the remainder having been classified by the collector either as free of duty under said paragraph 1750, or as dutiable at the specific rate of 9 cents per pound under paragraph 1105 of said act as "wool rags," that rate being the reduced duty provided for such rags in the trade agreement between the United States and the United Kingdom, effective January 1, 1939, 74 Treas. Dec. 253, T. D. 49753.

The 12 bales here under consideration were classified by the collector under paragraph 1555 of said act as "Waste, not specially provided for," and duty was levied thereon at 7½ percent ad valorem, the reduced rate applicable to such waste under said trade agreement. Commenting on that classification, counsel for petitioner in their brief filed herein make this observation: "But why rayon rags, if used for making roofing paper, do not fall within the classification of 'paper stock' in Par. 1750, is beyond our comprehension."

The rags in question were invoiced and entered at $29 per ton, or $0.0145 per pound. Appraisement was made at prices ranging from 2½ to 10 cents per pound. The *increased* duty resulting from this advance in value is only $29.78, but the *additional* duties accruing under section 489, *supra*, amount to $297.75. The invoice and entered price of $29 per ton represented the OPA ceiling price for this merchandise in the United States. All that this petitioner made on the transaction was a brokerage of $1 per ton as permitted by the OPA.

Isaac Segel, who signed the consular invoice, testified that he is the manager of Mill Paper Stock, Ltd., of Hamilton, Ontario, Canada, the exporting company herein; that he was familiar with the market value of the imported merchandise which was purchased as roofing rags at the invoice prices; that during the 2 or 4 months prior to the present importation he had been shipping the same class of rags to roofing mills in Canada at slightly lower than the instant invoice prices, and that the market had not changed; that he believed these goods were free of duty as roofing rags; that he obtained quotations from several mills in Canada; that roofing rags may be composed of any textile; and that he experienced no difficulty with any previous shipments of similar merchandise.

C. E. Tower, a customs broker for 28 years and a member of C. J. Tower & Sons, testified that the entered value herein was obtained from the invoice furnished by the shipper; that in prior shipments of similar merchandise he followed the same procedure he pursued in making the present entry; that he believed the entered value to be the correct dutiable value for this merchandise; and that he knew of no other value therefor.

Anthony Nicoletti, manager of the Bronx division of D. Benedetto, Inc., the petitioner herein, testified that roofing rags consist of the residue of almost any

grade of rags, including cotton, silk, rayon, or wool, which may be found unsuitable for other uses; that when he purchased these rags at the OPA ceiling price of $1.45 per 100 pounds he believed them to be free of duty as roofing rags, all other lots of similar rags having been accorded free entry during the entire 20 years that he had been in business; that the presence of rayon makes no difference in the use of the rags as roofing rags; that when he bought these rags at $1.45 per 100 pounds, which is equivalent to $29 per ton, he believed that to be the correct market value, because he thought the Canadian market was the same as the United States market; that he could not purchase these rags at a higher price without losing money on the transaction; that all petitioner made on the transaction was an allowance of $1 per ton permitted by the OPA in excess of the ceiling prices; that he had 50 or 75 previous importations from Canada of similar rags which were bought and sold as roofing rags; and that the "roofing mills" used rayon and silk rags.

No other witnesses appeared herein.

From an examination of the record and a consideration of all the facts in the case, we are satisfied as to the good faith of petitioner in the premises, and that the entry of the merchandise at a value less than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. See *Denver Dry Goods Co.* v. *United States*, 11 Cust. Ct. 253, Abstract 48733, and *Minnesota and Ontario Paper Co.* v. *United States*, 11 id. 264, Abstract 48775.

The petition is therefore granted.